UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A.A.A.S., *a minor*, | No. 2:23-cv-02981-CKD |
| Plaintiff, | |
| v. | ORDER AND |
| COMMISSIONER OF SOCIAL SECURITY, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the undersigned will recommend that plaintiff's motion for summary judgment be granted and defendant's cross-motion for summary judgment be denied.

BACKGROUND

      On July 30, 2021, an application for SSI was filed on behalf of the claimant, a minor child, alleging disability due to Type 1 diabetes and depression. The alleged onset date was January 1, 2016, when the child ("L.") was five years old. Administrative Transcript ("AT") 28, 29, 144. In 2020, L.'s family relocated to United States as refugees from Iraq, and records indicate that "he was struggling [with] adapting and navigating the new US culture, . . . as he

completed grades 1-4 in Turkey and started 5th grade in the US." AT 29.  As of the hearing date, April 13, 2023, L. was eleven years old.  AT 123.  L. testified briefly at the hearing, but the ALJ mostly questioned L.'s father, Ayad Al Saeedi, through an interpreter.

In a decision dated May 1, 2023, the ALJ determined that plaintiff was not disabled.  AT 28-37.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant was born [in] 2010.  Therefore, he was a 11-year-old school-age child on the current Title 16 application date of July 30, 2021, and is currently a 12-year-old school-age child at the telephone hearing on April 13, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since the current Title 16 application date of July 30, 2021.
>
> 3. Since the current Title 16 application date of July 30, 2021, the claimant has had the following severe impairment: type 1 diabetes mellitus.
>
> 4. Since the current Title 16 application date of July 30, 2021, the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. Since the current Title 16 application date of July 30, 2021, the claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.
>
> 6. I find that the claimant has not been disabled, as defined in the Social Security Act, since July 30, 2021, the date this application was filed.

AT 29-37.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ did not have a qualified medical specialist evaluate the record in its entirety; (2) the ALJ erred in finding L.'s mental impairments non-severe at step two; (3) the ALJ erred in evaluating the layperson evidence; and (4) the ALJ's functional equivalency domain finding was not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on

2

proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

RELEVANT LAW

SSI is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a; Department of HHS v. Chater, 163 F.3d 1129, 1133 (9th Cir. 1998) ("The Social Security Act directs the Commissioner of the Social Security Administration to provide benefits to all individuals who meet the eligibility criteria"). An individual under the age of 18, is "disabled" if he meets two criteria, set forth at 42 U.S.C. § 1382c(a)(3)(C)(i):

> First, he must have an impairment that results in marked and severe functional limitations. He satisfies this criterion if his impairment matches one of those described in the Listing [Listing of Impairments, 20 CFR Pt. 404, Subpart. P, App. 1]. Second, the impairment must have lasted or can be expected to last for a

3

continuous period of at least 12 months.

Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000); see also, 20 CFR § 416.906 ("Basic definition of disability for children"). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995) (citing Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992)); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir.1996). This burden requires a showing that the minor has an impairment listed in the regulations, and that he has met the duration requirement. See 20 C.F.R. § 416.924(a), 416.924(d)(2).

The Commissioner has established a three-step sequential evaluation process for the ALJ to follow when considering the disability application of a minor claimant. 20 C.F.R. § 416.924(a); see, e.g., Rose v. Colvin, 2013 WL 5476513, at *2 (E.D. Cal. 2013) (applying the three-step sequential evaluation process in a child disability case).

> Step one: Is the claimant engaging in substantial gainful activity? so, the claimant is not disabled. If not, proceed to step two.
>
> 20 C.F.R. § 416.924(a)
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.
>
> Id., § 416.924(a), (c).
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, the claimant is not disabled.

Id., § 416.924(a), (d).

Step Three encompasses two analytical steps. First, it must be determined whether the claimant's impairment meets or medically equals a Listing. Second, the impairment must also satisfy all of the criteria of the Listing. 20 C.F.R. § 416.925(d). The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). If the claimant does not meet or medically equal a Listing, he may still be considered disabled if an impairment results in limitations that "functionally equal the listings." 20 C.F.R. §

416.926a(a).

In determining whether the severe impairment functionally equals the listings, the ALJ must assess the claimant's functioning in six "domains." The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do." Id., § 416.924a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To "functionally equal" the listings, the impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. Id., § 416.926a(a), (d). In making this assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant performs his activities "compared to the performance of other children [the claimant's] age who do not have impairments." Id., § 416.926a(b).

A minor has a "marked" limitation in a domain if his impairment "interferes seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The regulations also provide that "marked" limitations means a limitation that is "more than moderate" but "less than extreme." Id. A minor has an "extreme" limitation in a domain if his impairment "interferes very seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). However, "extreme" limitation does not mean a "total lack or loss of ability to function." Id.

DISCUSSION

A. Qualified Medical Specialist

Plaintiff asserts that the ALJ did not make a reasonable effort to ensure that a qualified pediatrician or other specialist evaluate the record in its entirety, as required in cases involving minors.

The Social Security Act states:

> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years ... **the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician** or other individual who specializes in a field of medicine appropriate to the disability of

5

the individual (as determined by the Commissioner of Social Security) **evaluates the case of such individual**.

42 U.S.C. § 1382c(a)(3)(I) (emphasis added).  In cases involving minor claimants, the ALJ must ensure that a medical expert evaluates the minor claimant's case in its entirety.  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1014 (9th Cir. 2003); Social Security Acquiescence Ruling ("SSAR") 04-1(9), 69 Fed. Reg. 22578-03 (Apr. 26, 2004), available at 2004 WL 875081.  Failure to do so is harmful error.  Howard, 341 F.3d at 1014.

The court in Howard held that the ALJ harmfully erred not due to his evaluation of the child's impairments, but because no effort was made to ensure a qualified individual examined the entirety of the child's case.  See Kristen R. ex. rel. L.R. v. O'Malley, 2024 WL 4533443, *3 (D. Or. Oct. 21, 2024), citing Howard, 341 F.3d at 1014.  To satisfy Howard, the ALJ must make "reasonable efforts to have a medical expert review a minor claimant's case as a whole."  See id. at *6; see also K.W. v. Comm'r of Soc. Sec., No. 2:23-CV-1341 DMC, 2024 WL 3861497 (E.D. Cal. Aug. 19, 2024) (Howard requires minor's "case to be evaluated by at least one specialist who considers the entire case record as a whole, not just those records relating to the doctor's specialty."); S.E.L. by and through Lopez v. Saul, 2020 WL 2572455, *4 (C.D. Cal. May 21, 2020) (declining to decide whether ALJ's decision was supported by substantial evidence because, even if it was, remand was appropriate because ALJ failed to secure a "complete case evaluation from an appropriate specialist based on the record in its entirety.") (collecting cases).

Defendant argues that the ALJ relied on the opinions of multiple doctors, including a pediatrician, in determining that L. was not disabled, and that this constituted reasonable compliance with the requirement that a specialist evaluate the entire case.

In his decision, the ALJ recounted that

> the State medical consultants, N. Haroun M.D. and H. Bilik, Psy.D., independently reviewed the claimant's mental health records from the current Title 16 application date of July 30, 2021, and both opined that the claimant's alleged depression was non-severe because he was in a general education class and never identified as having any learning, social/emotional or behavioral problems, and he was noncompliant of the depression medication prescribed to him[.]

AT 30; see AT 156.  Dr. Haroun's specialty was child and adolescent psychiatry.  See AT 142

6

(noting specialist code 49).  The ALJ considered Dr. Haroun's findings of January 13, 2022 (AT 132-141) and found them persuasive, leading in part to his conclusion that plaintiff's mental impairments were non-severe.  AT 30, 32.

Similarly, the ALJ relied on psychological consultant Dr. Bilik's findings from June 1, 2022 in finding L.'s mental impairments non-severe.  AT 30, 32, 156.  The ALJ also relied on the opinion of psychological consultative examiner Dr. Jakubowski, who examined L. in December 2021, noted that he was medication noncompliant and denied depressive symptoms, and concluded that he had no mental functional limitations.  AT 30-31, 32; see AT 447-451.

As to physical impairment, the ALJ credited the opinion of State medical consultant Dr. Pham, who opined on June 21, 2022 that plaintiff's type 1 diabetes resulted in certain mild functional limitations, but these were not severe enough to be disabling.  AT 36, 156.

Aside from child psychiatrist Dr. Haroun, defendant does not explain which of the other opining doctors was a "a pediatrician or other appropriate specialist" under Howard.  Nor does defendant argue that Dr. Haroun (or any other pediatrician/specialist) evaluated the "the record in its entirety."  At the April 13, 2023 hearing, the ALJ discussed L.'s diabetes and mental symptoms, but did not mention the requirement that a pediatrician or other specialist review the entire case record.  Nor is there any mention of this requirement in the ALJ's written decision. See Jensen v. Colvin, No. 2:13-cv-01822-AC, 2015 WL 1275307, *8 (E.D. Cal. Mar. 18, 2015) (noting that "[t]he ALJ's opinion makes no reference to [SS]AR 04-1(9), either explicitly or implicitly" and remanding for failure to obtain a comprehensive case evaluation); Howard, 341 F.3d at 1014 ("Despite the various reports of doctors and specialists indicating their independent views of [the minor's] situation, at no point did the ALJ have her case evaluated as a whole, nor did he indicate that there was a 'case' evaluation in the record.").

In short, there is no indication that Dr. Haroun or any other specialist examined the entire case record, and defendant does not claim that this occurred.  As plaintiff alleged both physical and mental impairments, the record includes not only the mental health records Dr. Haroun reviewed in January 2022, but a March 7, 2022 medical assessment by treating psychiatrist Dr. Baidwan, who opined that L. had marked and moderate mental limitations (see AT 31, 127); two

7

State medical consultants' differing opinions about the severity of plaintiff's diabetes symptoms; several years' worth of treatment records; and lay testimony from the April 2023 hearing. Under these circumstances, remand is appropriate so that the case can be reviewed in its entirety by a qualified specialist.[1]

CONCLUSION

    IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

    And IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment (ECF No. 11) be GRANTED;

2. Defendant's cross-motion for summary judgment (ECF No. 15) be DENIED; and

3. The case be remanded for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 02/14/25

                                                                                          CAROLYN K. DELANEY
                                                                                          UNITED STATES MAGISTRATE JUDGE

2/laas2981.ss.juv_f&rs

---

[1] The undersigned does not reach the remaining claims.