UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A.A.A.S., *a minor*, | No. 2:23-cv-02981-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. (ECF No. 22.) Plaintiff seeks fees in the amount of $8,499.60 based on 33.75 hours at the rate of $251.84 per hour for attorney time. Defendant has filed a response stating that he has considered the motion and has no objection to the request. (ECF No. 23.)

A. Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the

1

matter was remanded under sentence four for further development and analysis of the record pursuant to the stipulation of the parties and order of the court. ECF No. 21. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Here, with respect to a minor's claim of disability, plaintiff successfully argued that the administrative law judge's decision failed to have a qualified medical specialist evaluate the record in its entirety, as required under Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1014 (9th Cir. 2003); see 42 U.S.C. § 1382c(a)(3)(I). Plaintiff's motion for summary judgment was granted, the Commissioner's cross-motion was denied, and plaintiff's disability claim was remanded for further proceedings. Defendant does not oppose the request for attorney fees. Under these circumstances, the court finds that the position of the United States was not substantially justified. Fees under the EAJA will therefore be awarded.

      B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Plaintiff here obtained summary judgment in his favor and a remand for further disability proceedings. With respect to plaintiff's counsel's time reviewing the transcript, briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of hours, the court has determined the hours claimed are reasonable. The rate claimed is also reasonable. Plaintiff will therefore be awarded the full amount requested. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 22) is GRANTED; and

2. Fees pursuant to the EAJA are awarded to plaintiff in the amount of $8,499.60.

Dated: July 10, 2025

                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

2/laas2981.eaja.no-oppo